UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Brian F. Kiggen

      v.                               Civil No. 22-cv-177-LM-TSM

State of New Hampshire

**REPORT AND RECOMMENDATION**

      Before the court is the response, see Doc. No. 9, filed by the Office of the Public Guardian ("OPG"), to the court's April 10, 2023 Order (Doc. No. 8). The OPG's response states that the OPG is plaintiff Brian F. Kiggen's guardian of the person and of his estate; that the OPG does not intend to litigate any claims in this lawsuit on Mr. Kiggen's behalf; and that the OPG plans to dismiss this action voluntarily. See Doc. No. 9-2, at 4.

      Mr. Kiggen's initial pleadings alleged facts and claims relating to the OPG. Considering the potential impact of Fed. R. Civ. P. 17(c), this court took its preliminary review of the initial pleadings under advisement and invited the OPG and Mr. Kiggen to file state court records regarding whether Mr. Kiggen retained the capacity to litigate; whether the OPG had been appointed as Mr. Kiggen's guardian; and whether the OPG assented to, or intended to appear in, this action as Mr. Kiggen's representative. See Oct. 21, 2022 Order (Doc. No. 4). The responses to that Order did not clarify whether the OPG's powers as Mr. Kiggen's guardian included litigating claims on Mr. Kiggen's behalf. See generally Apr. 10, 2023 Order (Doc. No. 8). Seeking further clarification of the scope of the guardianship and the OPG's powers, the court invited the OPG to file a statement on those issues. See id. Having received and reviewed the OPG's response (Doc. No. 9) to that Order, this court now issues this Report and Recommendation ("R&R") to complete its preliminary review of Mr. Kiggen's initial pleadings. See LR 4.3(d); see also 28

U.S.C. § 1915(e)(2).  And, for reasons explained in this R&R, the Order issued this date is intended to protect Mr. Kiggen's interests in this action.  Cf. Fed. R. Civ. P. 17(c).

## Background

I.  Probate Court Guardianship Proceedings

In September 2020, the New Hampshire Circuit Court, 6th Circuit, Probate Division ("probate court") determined that Mr. Kiggen lacked the capacity to exercise certain rights, including the right to initiate, defend, and settle lawsuits.  See Sept. 20, 2020 Order, In re Kiggen, No. 317-2020-GI-00823 (N.H. Cir. Ct., 6th Cir.-Prob. Div.) (Doc. No. 7, at 5-8).  That court appointed the OPG as the guardian of Mr. Kiggen's person.  Id.  Then, in March 2021, the probate court expanded the scope of the guardianship to encompass Mr. Kiggen's estate, as well as his person, granting the OPG additional powers, including the power to manage Mr. Kiggen's finances and to initiate, defend, or settle lawsuits on his behalf.  See Mar. 11, 2021 Certificate of Appointment, id. (Doc. No. 9-3).  The probate court maintains continuing oversight of Mr. Kiggen's guardianship and the guardianship proceedings.  See N.H. Rev. Stat. Ann. § ("RSA") 464-A:35, A:36 (guardian must file and serve annual reports that are subject to probate court's review and approval).

II.  Federal Litigation

Mr. Kiggen filed this lawsuit in 2022, approximately two years after he had been adjudicated incapable of litigating matters on his own behalf.  Unaware of Mr. Kiggen's lack of capacity to sue, the court granted him leave to proceed without paying the filing fee.  This court generally subjects complaints filed in forma pauperis to preliminary review under 28 U.S.C.

2

§ 1915(e)(2) and LR 4.3(d), to determine whether the court has jurisdiction over the case, whether any defendant is immune from the relief sought, and whether the plaintiff has stated a claim upon which relief can be granted.

In conducting that preliminary review here, the court first identified the claims asserted in this case based on a liberal construction of the pleadings. Mr. Kiggen's pleadings claim that the State of New Hampshire and its agencies (the New Hampshire Hospital ("NHH") and "Mental Health" -- a term this court construes liberally as shorthand for the state's "mental health services system" established under RSA 135-C:1, I(a)); the OPG; and certain private non-profits and health care facilities identified in the pleadings had violated his federal constitutional rights and engaged in tortious conduct.

Mr. Kiggen alleged that the NHH and other hospitals and health care facilities in New Hampshire, restricted his liberty in July-August 2020, November-December 2020, October 2021, January 2021/2022, and/or June-October 2022, and that the NHH failed to properly diagnose him with, or treat him for, an infection when he was hospitalized there during that time frame. See Doc. No. 6. Mr. Kiggen has further asserted that the OPG "roiled" Mr. Kiggen's savings account held by a bank, and that the State stole funds from that savings account. See Doc. No. 1. Mr. Kiggen's pleadings seek damages and other relief for those alleged violations of his rights and alleged tortious acts, under 42 U.S.C. § 1983 and/or state law.

Seeking clarification of Mr. Kiggen's capacity to sue and the OPG's powers, this court invited the OPG to file a statement regarding Mr. Kiggen's capacity to litigate this matter on his own behalf. In response, the OPG filed exhibits which show that the probate court concluded that Mr. Kiggen lacks that capacity and had appointed the OPG as the guardian of Mr. Kiggen's person and estate. See Mar. 11, 2021 Certificate of Appointment & Sept. 20, 2020 Order, In re Kiggen,

3

No. 317-2020-GI-00823 (N.H. Cir. Ct., 6th Cir.-Prob. Div.) (Doc. No. 9-3 & Doc. No. 7, at 5-8). The OPG has stated that it intends to dismiss this action voluntarily. See Doc. No. 9-2, at 4.

**Discussion**

I.    Rule 17(c)(2)

The Federal Rules of Civil Procedure provide that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem ["GAL"]. The court must appoint a [GAL] – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented . . . .

Fed. R. Civ. P. 17(c)(2).

Rule 17(c)(2) requires "a district court to 'take whatever measures it deems proper to protect an incompetent person during litigation.'" Davis v. Walker, 745 F.3d 1303, 1311–12 (9th Cir. 2014) (citation omitted). This court may appoint a GAL for a person who already has a general guardian, if it appears that the person's interests may conflict with those of the general guardian. See Developmental Disabilities Advoc. Ctr., Inc. v. Melton, 689 F.2d 281, 285 (1st Cir. 1982).

Given this court's construction of Mr. Kiggen's pleadings as asserting claims against the OPG, relating to the alleged theft or interference with his savings account, as well as this R&R's proposed disposition of those claims, this court concludes that Mr. Kiggen's interests may conflict with the OPG's with respect to those claims. Accordingly, in the Order issued this date, the court directs the clerk's office to identify an attorney who is able and willing to serve as a GAL, representing Mr. Kiggen with respect to his claims against the OPG, and who can be appointed to serve as Mr. Kiggen's counsel for the limited purpose of preparing and filing Mr. Kiggen's objection, if any, to this R&R's proposed findings of fact and conclusions of law relating to those claims against the OPG.

II.  Preliminary Review

   A.  Federal Claims

      1.  Eleventh Amendment

Mr. Kiggen claims that the State of New Hampshire and its agencies - the NHH and "Mental Health" – have violated his federal constitutional rights, beginning in 2020. Mr. Kiggen has not named any individual state employee or state official as a defendant to his federal civil rights claims.

The Eleventh Amendment generally precludes a plaintiff from suing the state or its agencies in federal court, unless the state has waived its Eleventh Amendment immunity, or a federal law provides the requisite waiver or abrogation of that immunity. See Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015). No waiver or abrogation of the state's Eleventh Amendment immunity applies to any of Mr. Kiggen's federal claims. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989). Accordingly, this court dismisses all of Mr. Kiggen's federal claims asserted against the State, NHH, and "Mental Health," including Mr. Kiggen's claims of federal constitutional violations relating to the care he received while hospitalized at the NHH, and his claims that the "State" is responsible for the "theft" of his savings account, a taking, or a due process violation, as none of those claims may be litigated against those defendants in federal court.

      2.  Rooker-Feldman

The Rooker-Feldman doctrine provides additional grounds for dismissing, without prejudice, Mr. Kiggen's federal due process claims, Takings Clause claims, and equal protection

5

claims relating to his allegations of the "theft" or interference with his savings account, to the extent those claims are asserted against the State or the OPG. The Rooker-Feldman doctrine holds that, generally, federal district courts should not sit in direct review of state court decisions. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); see also D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983); Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003). Rooker-Feldman is "quasi-jurisdictional," in that, among federal courts, "only the U.S. Supreme Court has authority to invalidate state civil judgments." Mandel, 326 F.3d at 271 (citation omitted). The Rooker-Feldman doctrine divests this court of jurisdiction over a federal case filed by a party to proceedings in state court, where the state court proceedings ended before the federal court case commenced, and the plaintiff in the federal case complains of injuries resulting from the state court rulings and "'invit[es] district court review and rejection of [the state court's] judgments.'" Skinner v. Switzer, 562 U.S. 521, 532 (2011) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)); see also McKenna v. Curtin, 869 F.3d 44, 47 (1st Cir. 2017).

Mr. Kiggen filed this action without the OPG's participation in May 2022. The pertinent probate court decisions regarding his lack of capacity and the appointment of the OPG as his guardian were issued more than one year before that date, in March 2021 and September 2020. Those decisions became final and were appealable within thirty days of their issuance. See N.H. Rev. Stat. Ann. ("RSA") 464-A:4, I & 567-A:1; cf. Federación de Maestros v. Junta de Relaciones del Trabajo, 410 F.3d 17, 24 (1st Cir. 2005) (Rooker-Feldman may deprive federal court of jurisdiction "if a lower state court issues a judgment and the losing party allows the time for appeal to expire"). The Orders at issue do not appear to be the subject of any pending or prior appeal. The OPG has represented that those Orders remain in effect. The sequence and timing of

6

the guardianship orders and Mr. Kiggen's filings demonstrate that the pertinent state proceedings ended before Mr. Kiggen filed this federal case, and that those orders are final for purposes of applying the Rooker-Feldman doctrine.

Furthermore, Mr. Kiggen's claims, in pertinent part, seek to have this court review and reject those final rulings of the state courts. The plaintiff here has asserted that the OPG and the "State" had access to his savings account, and that the State and/or the OPG interfered with his savings account and engaged in "theft." Adjudication of the merits of those claims would require this court to review the probate court's rulings regarding Mr. Kiggen's lack of capacity, including the capacity to manage his own finances, and the OPG's powers over his estate. This court lacks jurisdiction to undertake that review of those state court decisions. See Katz v. McVeigh, 931 F. Supp. 2d 311, 335 (D.N.H. 2013) (plaintiffs' claims challenging guardianship orders as violating their due process rights were barred by Rooker-Feldman doctrine); see also Wilson v. Shumway, 264 F.3d 120, 126 (1st Cir. 2001) (Rooker-Feldman doctrine precludes plaintiff's claims seeking relief under § 1983 "to remedy his current guardianship situation" with respect to matters "considered and resolved in the New Hampshire court system"). Applying the Rooker-Feldman doctrine, the district judge should dismiss the claims in this case relating to the alleged "theft" of Mr. Kiggen's savings account, without prejudice to Mr. Kiggen's ability to raise such claims in a state court with jurisdiction over those claims. Cf. RSA 464-A:35, A:36 (guardian must file annual reports regarding person's health, well-being, and finances, for probate court's review).[1]

---

[1] The court expresses no opinion concerning the merits of those claims. The OPG has represented that Mr. Kiggen did not object in the probate court proceeding, when the OPG filed its first annual report of Mr. Kiggen's accounts in May 2022, and that the probate court approved that report on October 5, 2022. In addition, the OPG has represented that an annual report is filed with the Social Security Administration affirming that the OPG, as a representative payee, has used Mr. Kiggen's social security benefits to meet his needs. See Doc. No. 9-2, at 4-5.

    B.    State Law Claims

Mr. Kiggen's remaining claims in this case arise under state law. The dismissal without prejudice of all of Mr. Kiggen's federal claims, based on the Eleventh Amendment and the Rooker-Feldman doctrine, allows this court to decline to exercise jurisdiction over any of Mr. Kiggen's state law claims. See 28 U.S.C. § 1367(c). The district judge should exercise its discretion to dismiss those claims here, without prejudice to Mr. Kiggen's ability to file them in a state court with jurisdiction over those claims.

**Conclusion**

For the foregoing reasons, the district judge should dismiss this action without prejudice, and the clerk should enter judgment and close this case. Any objections to this Report and Recommendation must be filed within thirty days of the date that the GAL -- appointed pursuant to the Order issued this date -- files a notice of appearance of counsel on behalf of Mr. Kiggen. The objection period may be extended upon motion.

Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

                                          _____
                                          Talesha L. Saint-Marc
                                          United States Magistrate Judge

November 29, 2023

cc:    Tracy Mark Culberson, Esq.